FILED
MAR 13 2009
CLERK US BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

ENTERED
MAR 16 2009
CLERK US BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

# NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

In re:

DIAMOND EXECUTIVE OFFICE
SUITES & VIRTUAL OFFICES, LLC,
et al.,

          Debtor.

In re

DIAMONDCARD INTERNATIONAL
CORP.,

          Debtor.

Case No. 6:08-bk-15577-PC
Case No. 6:08-bk-15578-PC

Jointly Administered under
Case No. 6:08-bk-15577-PC

Chapter 11

**MEMORANDUM DECISION**

Date: March 13, 2009
Time: 9:30 a.m.
Place: United States Bankruptcy Court
       Courtroom # 304
       3420 Twelfth Street
       Riverside, CA 92501

General Electric Capital Corporation ("GE") seeks relief from the automatic stay for "cause" pursuant to 11 U.S.C. § 362(d)(1). Debtors, Diamondcard International Corp. ("Diamondcard") and Diamond Executive Office Suites & Virtual Offices, LLC ("Diamond Executive") oppose the motion. At the hearing, Daniel Alberstone ("Alberstone") appeared for GE and Dennis G. Bezanson appeared for Diamondcard and Diamond Executive. The court, having considered the pleadings, evidentiary record, and arguments of counsel, makes the following findings of fact and conclusions of law[1] pursuant to F.R.Civ.P. 52(a)(1), as incorporated into FRBP 7052 and made applicable to contested matters by FRBP 9014(c).

## I. STATEMENT OF FACTS

On May 14, 2008, Diamond Executive filed a voluntary petition under chapter 11 of the

---

[1] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such.

Bankruptcy Code.[2] On September 4, 2008, Diamond Executive and GE executed a Stipulation Re Interim Use of Cash Collateral and Grant of Adequate Protection ("Stipulation") pursuant to § 363(c)(2) to permit Diamond Executive to use certain rents and profits derived from the real property at 3175 Sedona Court, Ontario, California, constituting the "cash collateral" of GE subject to the terms and conditions of the Stipulation. The Stipulation was approved by the court by order entered on October 17, 2008. Paragraph 1(b) of the Stipulation states:

> "Diamond Executive agrees that GE's and CDC's reasonable attorneys' fees and costs incurred after the date of execution of this Stipulation shall be paid by Diamond Executive monthly within 10 days of invoice without further order of the court."

Paragraph 15 of the Stipulation further states:

> a. In the event of any default by Diamond Executive with respect to any term, condition, or provision of this Agreement, which default is uncured as set forth below, all rights granted Diamond Executive under this Agreement, including without limitation, any rights that Diamond Executive may otherwise have to use Cash Collateral during the Authorized Period, <u>shall terminate without further notice as hereinafter provided and GE shall be granted relief from the automatic stay</u>.
>
> b. With respect to any default by Diamond Executive in any term, covenant, or condition set forth in this Agreement, <u>a default occurs on the fifth (5th) business day following written notice by GE or CDC to Diamond Executive of such default</u>.

(emphasis added).

By e-mail from Alberstone to Diamond Executive's counsel, Franklin C. Adams ("Adams") dated December 24, 2008, GE sent invoices to Diamond Executive for reasonable attorneys's fees and costs incurred by GE for the period of September 5, 2008 through November 30, 2008, totaling $20,926.10, and requested that the invoices be paid not later than January 5,

---

[2] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse and Consumer Prevention Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005). "Rule" references are to the Federal Rules of Bankruptcy Procedure ("F.R.Civ.P."), which make applicable certain Federal Rules of Civil Procedure ("FRBP").

-2-

2009.[3] The invoices were supported by time records identifying each of the services performed, the date each service was performed, the person performing the task, and the time spent discharging the task in increments of 1/10th of an hour. Costs were itemized separately in each invoice. When GE had not received payment for the invoices by January 5, 2009, Alberstone sent Adams a notice of default by e-mail dated January 7, 2009, pursuant to paragraph 15(b) of the Stipulation and demanded that the default be cured not later than January 12, 2009. The default was not cured by Diamond Executive.

On February 10, 2009, GE filed its motion alleging that Diamond Executive's failure to pay its reasonable attorneys's fees of $20,926.10 incurred after September 5, 2008, constituted an event of default under the Stipulation which terminated its right to use GE's cash collateral and constituted "cause" under paragraph 15(a) of the Stipulation for immediate relief from the automatic stay pursuant to § 362(d)(1). Diamond Executive filed a response stating, in pertinent part, that: (1) Diamond Executive did not breach the Stipulation because GE did not provide Diamond Executive with <u>monthly</u> invoices of its <u>reasonable</u> attorneys fees and costs; (2) Diamond Executive filed a motion on January 28, 2009, seeking authority to borrow the sum of $8,485.10 from Diamondcard to pay GE's legal fees through October 2008; and (3) Diamond Executive plans "to file a joint chapter 11 disclosure statement and plan to provide for all of GE's secured claims before the hearing on [the] Motion." On March 4, 2009, GE filed a reply acknowledging that the Stipulation requires payment of GE's legal fees on a monthly basis, but points out that nothing in the Stipulation requires GE to send monthly invoices to Diamond Executive for such fees and costs. Once an invoice is sent for its monthly attorneys' fees and costs, however, payment must be made according to the Stipulation. GE further argues that Diamond Executive has waived any claim that GE's attorneys' fees and costs are not reasonable because it failed to object to the reasonableness of the fees before notice of default. Finally, GE

---

[3] Alberstone's e-mail incorrectly refers to "Section 1 c." of the Stipulation and demands payment on or before "January 5, 2008."

-3-

1  contends that Diamond Executive has no further right to cure under the terms of the Stipulation.
2  After a hearing on March 4, 2009, the matter was taken under submission.

3  ## II. DISCUSSION

4  The court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(b) and
5  1334(b). GE's motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G) and (O). Venue
6  is appropriate in this court. 28 U.S.C. § 1409(a).

7  Section 362(d)(1) states that the court shall grant relief from the automatic stay, on
8  request of a party in interest and after notice and a hearing, "for cause, including the lack of
9  adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).
10 At a hearing on a motion for relief from the automatic stay, the moving party bears "the burden
11 of proof on the issue of the debtor's equity in property." 11 U.S.C. § 362(g)(1). The debtor "has
12 the burden of proof on all other issues." 11 U.S.C. § 362(g)(2).

13 In this case, GE has established a *prima facie* case that cause exists for relief from the
14 automatic stay under § 362(d)(1). Diamond Executive agreed to the terms and conditions of the
15 Stipulation in exchange for GE's consent to the use of GE's cash collateral. Diamond Executive
16 has used GE's cash collateral since the inception of the case. Pursuant to paragraph 15(a) of the
17 Stipulation, Diamond Executive agreed that GE's reasonable attorneys' fees and costs incurred
18 after September 4, 2008, would "be paid by Diamond Executive monthly within 10 days of
19 invoice without further order of the court." On December 24, 2008, GE' counsel sent Diamond
20 Executive's counsel GE's invoices to Diamond Executive for reasonable attorneys's fees and
21 costs incurred by GE for the period of September 5, 2008 through November 30, 2008, totaling
22 $20,926.10, together with a demand that the invoices be paid not later than January 5, 2009.
23 There is no evidence that Diamond Executive paid any portion of GE's attorneys' fees and costs
24 by January 5, 2009; objected to the reasonableness of amounts requested prior to January 5,
25 2009; or attempted to cure its default by January 12, 2009. Nor is there evidence that GE delayed
26 and accumulated its legal fees to force a default, as alleged by Diamond Executive. The evidence
27

indicates that GE had requested payment of its fees and expenses by e-mail from Alberstone to Adams as early as November 24, 2008.[4] After expiration of the deadline to cure, Diamond Executive filed a motion seeking to borrow the sum of $8,485.10 from Diamondcard pursuant to § 364(c) to pay GE's fees and expenses. The motion was filed on January 28, 2009, but not set for hearing until March 24, 2009. Even if Diamond Executive's motion was granted, the amount sought to be borrowed from Diamondcard is insufficient to cure the default.

At the hearing on March 12, 2009, Diamond Executive's counsel argued that the court should disregard the terms of the Stipulation pursuant to § 105(a) and permit Diamond Executive to pay GE's accrued attorneys fees and costs pursuant to its proposed joint plan of reorganization, citing Florida Partners Corp. v. Southeast Co. (In re Southeast Co.), 868 F.2d 335 (9th Cir. 1989) and Atalanta Corp. v. Allen (In re Allen), 300 F.3d 1055 (9th Cir. 2002). Neither of the cases was cited in Diamond Executive's response in opposition to GE's motion. Nor are either controlling with respect to the issues before the court.

In Southeast Co., the Ninth Circuit held that the bankruptcy court did not abuse its discretion in confirming a plan that added $65,000 in postpetition attorneys fees to the principal amount of a note forming the basis of a secured creditor's oversecured claim, noting that "[n]othing in section 506(b) requires current payment of fee awards." 868 F.2d at 340. Unlike the facts in Southeast Co., Diamond Executive agreed to a specific deadline under the Stipulation in this case for the payment of accrued postpetition attorneys fees and costs to GE in consideration for its continued use of GE's cash collateral. In Allen, the Ninth Circuit distinguished its earlier ruling in Meyer v. Lenox (In re Lenox), 902 F.2d 737 (9th Cir. 1990) and

---

[4] Alberstone and Adams exchanged e-mails from November 24, 2008 through December 22, 2008, concerning the attorneys fees and costs due by Diamond Executive to GE pursuant to paragraph 1(b) of the Stipulation. By e-mail dated December 22, 2008, Adams objected to payment the invoices previously sent by Alberstone as including attorneys fees and costs incurred prior to September 5, 2008. By e-mail dated December 24, 2008, Alberstone resubmitted GE's invoices to Adams, as counsel for Diamond Executive, for payment of attorneys' fees and costs incurred from September 5, 2008 through November 30, 2008.

held that "the bankruptcy court did not err in confirming without a finding of 'special circumstances' a reorganization plan that did not incorporate the terms of" a Stipulation for Relief from Automatic Stay and Order on Motion for Relief from Automatic Stay approving the stipulation, noting that "neither document clearly indicated that it would bind either the parties or the court in any subsequent reorganization plan." 300 F.3d. At 1060. This issue before this court is relief from the automatic stay under § 362(d)(1), not plan confirmation under § 1129. In that regard, "stipulations are not to be lightly set aside." Lenox, 902 F.2d at 739; see, e.g., Lindsey v. Department of Labor (In re Harris Mgmt Co.), 791 F.2d 1412, 1415-16 (9th Cir. 1986) ( holding that the equities did not justify the bankruptcy court's revocation of a stipulation that effected an assumption of an executory contract under § 365).

The court takes judicial notice that Diamond Executive filed its voluntary chapter 11 petition over 10 months ago. Diamond Executive's exclusive periods under § 1121 have expired. Diamond Executive and Diamondcard filed their proposed joint plan of reorganization on March 5, 2009, but the court has yet to consider the disclosure statement and Diamond Executive has not provided evidence in support of its opposition that there is a "reasonable possibility of a reorganization within a reasonable period of time." United Sav. Ass'n v. Timbers of Inwood Forest Assoc. Ltd., 484 U.S. 365, 376 (1988).

### III. CONCLUSION

Based upon the foregoing, the court finds that Diamond Executive has failed to rebut GE's *prima facie* case for relief from the automatic stay. An order will be entered granting GE's motion and terminating the automatic stay as to GE pursuant to § 362(d)(1). GE may not pursue any deficiency claim against the debtor or property of the estate except by filing a proof of claim pursuant to § 501. The 10-day stay under FRBP 4001(a)(3) will be waived.

The court will enter a separate order consistent with this opinion.

Dated: March 13, 2009

PETER H. CARROLL
United States Bankruptcy Judge

-6-

| In re: | CHAPTER: |
|---|---|
| Debtor(s). | CASE NUMBER: |

### NOTE TO USERS OF THIS FORM:

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) _____ MEMORANDUM DECISION _____ was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of __3/16/09__, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☒ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9021-1.1

| In re:           | CHAPTER:     |
|------------------|--------------|
|      Debtor(s).  | CASE NUMBER: |

**ADDITIONAL SERVICE INFORMATION** (if needed):

## ELECTRONIC

- Franklin C Adams    franklin.adams@bbklaw.com, arthur.johnston@bbklaw.com;lisa.spencer@bbklaw.com;bknotices@bbklaw.com

- Dennis G Bezanson    arthur.johnston@bbklaw.com;kenneth.burgess@bbklaw.com;bknotices@bbklaw.com

- David W Brody    dbrody@brody-law.com, knorris@brody-law.com

- Drew A Callahan    ecfcacb@piteduncan.com

- Timothy J Farris    timothy.j.farris@usdoj.gov

- Elizabeth A Lossing    elizabeth.lossing@usdoj.gov

- Jeffrey N Pomerantz    jpomerantz@pszjlaw.com

- Casper J Rankin    ecfcacb@piteduncan.com

- Martha E Romero    Romero@mromerolawfirm.com

- Gary A Starre    gastarre@gmail.com

- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

- Joseph M Welch    kenneth.burgess@bbklaw.com;bknotices@bbklaw.com;joseph.welch@bbklaw.com;arthur.johnston@bbklaw.com

## U.S. MAIL

Daniel Alberstone
Bingham McCutchen, LLP
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9021-1.1**